IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PAULA M. VANBURGER, | Civil No. 09-155-AA |
| Plaintiff, | OPINION AND ORDER |
| vs. | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | |
| Defendant. | |

Jenna L. Mooney
Davis Wright Tremaine LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201

Jeannine LaPlace
Harry J. Binder and
Charles E. Binder, P.C.
60 E. 42nd Street, Suite 520
New York, New York 10165
    Attorneys for plaintiff

1   - OPINION AND ORDER

```
Dwight Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Franco L. Becia
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
     Attorneys for defendant
```

AIKEN, Chief Judge:

Claimant, Paula Vanburger, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying her application for disability insurance benefits under Title II of the Act. For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

**PROCEDURAL BACKGROUND**

Plaintiff filed an application for disability benefits on January 27, 2005, alleging disability since October 14, 2004[1]. Tr. 131-34. Her claim was denied initially and upon reconsideration. Tr. 74-78, 70-72. On January 26, 2007, a hearing was held before Administrative Law Judge (ALJ) Stewart. Tr. 415-440. On March 20, 2007, ALJ Stewart found plaintiff not disabled. Tr. 50-68. On September 28, 2007, the Appeals Council remanded plaintiff's claim for further proceedings. Tr. 98-101. Specifically, the Appeals Council ordered the ALJ to obtain

---

[1] Plaintiff amended her alleged onset date of disability to October 14, 2004 at her initial hearing on January 26, 2007.

2   - OPINION AND ORDER

additional evidence concerning plaintiff's musculoskeletal impairments to complete the record; give further consideration to plaintiff's maximum residual functional capacity with appropriate rationale and references to the record; if warranted, obtain supplemental evidence from a vocational expert; and if necessary, obtain evidence from a medical expert. Tr. 100-01.

On May 28, 2008, a second hearing was held before ALJ Stewart with a vocational and medical expert. Tr. 441-499. On June 24, 2008, ALJ Stewart again found plaintiff not disabled. Tr. 28-39. On December 5, 2008, the Appeals Council denied plaintiff's request for review. Tr. 8-11. This was the final act of the Commissioner.

## STATEMENT OF THE FACTS

Plaintiff was born June 15, 1995, and was 52 years old at her last insured date and 49 years old at the time of her alleged disability onset date of October 14, 2004. Tr. 30, 38. She is a high school graduate and obtained a certified nursing assistant certification. Tr. 418-19. Her primary last relevant work was as a unit assistant for Mercy Medical Center for about ten years. Tr. 420-21. In this job, about 90% of her job was deskwork and 10% was direct patient care. Tr. 420. The deskwork required plaintiff to lift boxes of paper for the copy machine. The patient care required plaintiff to help patients get up and down and change beds. Tr. 421. The vocational expert ("VE") classified this work as light and semi-skilled. Tr. 433. As plaintiff performed the job for the last 4 years, however, it was described as sedentary. Tr. 489. Plaintiff also worked as a certified nursing assistant ("CNA") which the VE classified as

3   - OPINION AND ORDER

medium and semi-skilled work; a waitress, classified as light and semi-skilled; and a phlebotomist, classified as light and semi-skilled. Tr. 433.

**STANDARD OF REVIEW**

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant

4   - OPINION AND ORDER

is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e)-(g), 416.920(e)-(g). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

1. The ALJ's Findings

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability

5   - OPINION AND ORDER

onset date. Tr. 33, Finding 2. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease with spinal canal stenosis and spondylolisthesis status post surgical intervention in November 2004; diabetes mellitus; obesity; sleep apnea; gastroesophageal reflux disease; syncopal/presyncopal episodes, probably vasovagal; and history of headaches. Tr. 33, Finding. 3

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 34, Finding 4. The ALJ determined that plaintiff had the residual functional capacity (RFC) to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk one hour at a time each for four hours each in an eight-hour workday with a total combined stand and walk ability of six hours in an eight-hour workday; and sit two hours at a time for at least six hours in an eight-hour workday. Plaintiff was limited to occasional kneeling, bending, stooping and crouching. Plaintiff must avoid unprotected heights or other dangerous hazards; she is able to drive but is precluded from climbing ladders and scaffolds. Tr. 35, Finding 5.

At step four, the ALJ found that plaintiff was able to perform her past relevant work as a unit clerk. Tr. 37-38, Finding 6. The ALJ made an alternative step five finding. He found that, based on the above RFC, plaintiff could perform work existing in significant numbers in the national economy; specifically noting the positions identified by the vocational expert: cashier II, meter reader, and office helper. Tr. 38-39, Finding 10.

2. <u>Plaintiff's Allegations of Error</u>

Plaintiff asserts that the ALJ improperly evaluated the opinions of plaintiff's treating orthopedic surgeon, Dr. Kitchel, and treating internist, Dr. Brickner. Dr. Kitchel found that in an 8-hour workday, plaintiff could sit for one hour and stand/walk for one hour total. Tr. 277. Dr. Kitchel also noted that plaintiff needed to get up and move around when sitting "as tolerated." <u>Id.</u> He noted that plaintiff needed to take unscheduled breaks hourly during an 8-hour day and rest for an unknown period of time before returning to an activity. Tr. 279. Finally, Dr. Kitchel opined that plaintiff would be absent from work, on average, more than three times per month as a result of her impairments or treatment. <u>Id.</u> Similarly, Dr. Brickner found that in an 8-hour workday, plaintiff was able to sit 4 hours and stand/walk 2 hours total. Tr. 407. Dr. Brickner also noted that plaintiff needed to get up and move around "hourly" and could not sit again for 15 minutes. <u>Id.</u> Dr. Brickner assessed that plaintiff could occasionally lift and carry up to five pounds. Tr. 407-08. Finally, Dr. Brickner assessed that plaintiff needed to take hourly breaks to rest for 15 to 30 minutes before returning to any work activity. Tr. 409.

There is no dispute that the opinions of treating physicians are generally entitled to deference in disability proceedings. <u>Murray v. Heckler</u>, 722 F.2d 499, 501-02 (9th Cir. 1983)(treating physician opinions entitled to "great weight."). <u>See also</u>, 20 C.F.R. section 404.1527(d)(2)(2009)(more weight given to treating sources, however, if treating source's opinion is well supported by medically acceptable clinical and laboratory

7    - OPINION AND ORDER

diagnostic techniques and not inconsistent with other substantial evidence, opinion is then given controlling weight). Even if the treating physician's opinion is contradicted by another doctor, the ALJ may only reject that opinion by providing "specific and legitimate reasons" for doing so, supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

Here, plaintiff's treating orthopedic surgeon, Dr. Kitchel, opined that plaintiff could perform no more than one hour of sitting and one hour of standing/walking. Tr. 277. Further, plaintiff's treating internist, Dr. Brickner, assessed that plaintiff was unable to perform more than four hours of sitting and two hours of standing/walking. Tr. 407. These limitations preclude even sedentary work. 20 C.F.R. section 404.1576(a). See also, VE's testimony, tr. 495 (individual who could lift no more than 10 pounds occasionally, 5 pounds frequently, sit up to 6 hours and stand/walk up to 2 hours, limited to low stress, would be unable to perform any of the jobs given).

Plaintiff's treating physicians' opinions were contradicted by a one-time examining physician and a non-examining medical expert. I find that the ALJ failed to provide specific and legitimate reasons for rejecting the treating physicians' opinions adequately supported by substantial evidence in the record. The ALJ also failed to set forth his rationale by providing a detailed and thorough summary of the facts and by setting forth good reasons for his interpretation of the evidence rather than relying on the interpretations of the treating physicians.

8   - OPINION AND ORDER

The ALJ's duty to further develop the record by recontacting Dr. Kitchel to determine if plaintiff had, in fact, improved is bolstered by the Appeals Council Remand Order instructing the ALJ to further develop records pertaining to plaintiff's musculoskeletal impairments. Plaintiff's treating orthopedic surgeon was in the best position to provide an update on her musculoskeletal impairments. Instead of recontacting Dr. Kitchel, the ALJ relied on the opinions from a one-time examining physician and a non-examining internist. Further, although the one-time examining physician, Dr. Brewster, was provided with some of plaintiff's medical records, the ALJ failed to provide Dr. Brewster with the detailed functional capacity assessments from either of plaintiff's treating physicians, Drs. Kitchel and Brickner. It was incumbent upon the Commissioner to "give the examiner any necessary background information about [plaintiff's] condition." 20 C.F.R. section 404.1517. Such detailed assessments from the two treating physicians qualify as "necessary background information" for an examining physician to make a valid assessment of plaintiff's functional capacity.

Although Dr. Brewster did note several abnormal findings on examination, he believed plaintiff's limitations were self-imposed by "pain behavior." Similarly, the non-examining physician, Dr. Neilsen, conceded that there were some neurological abnormalities, however, contrary to both treating sources, found those abnormalities not clinically significant. "When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusion, the conclusions of the examining physician are not

9   - OPINION AND ORDER

substantial evidence." Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007)(internal quotations omitted); and Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)("a nonexamining physician's conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician[.]").

Even assuming that plaintiff's treating physicians' opinions are not entitled to controlling weight, when considering (1) the frequency of examination and the length, nature and extent of the treatment relationships; (2) the evidence in support of the treating physicians' opinions; (3) the consistency of the opinions with the record as a whole; and (4) whether the opinion is from a specialist, the ALJ failed to reject those opinions by providing specific and legitimate reasons supported by substantial evidence in the record.

**CONCLUSION**

The Commissioner's decision is not based on substantial evidence. Therefore, this case is reversed and remanded for payment of benefits. This case is dismissed.

IT IS SO ORDERED.

Dated this  11  day of March 2010.

/s/ Ann Aiken
Ann Aiken
United States District Judge

10   - OPINION AND ORDER